## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

BANK OF JACKSON HOLE                    CIVIL ACTION NO. 5:14-CV-1413

VERSUS                                  JUDGE S. MAURICE HICKS

LEWIS S. ROBINSON, III, ET AL.          MAGISTRATE JUDGE HAYES

### MEMORANDUM ORDER[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a "motion for leave to file an amended, supplemental, and restated complaint," [doc. # 23], filed by Plaintiff Bank of Jackson Hole.  Defendants oppose the Motion.  [doc. # 28].  For reasons assigned below, the Motion is **GRANTED**.

### Background

Plaintiff filed the instant suit against Defendants Lewis Robinson, III, Linda Robinson, David Robinson, Joye Qualls, Elisa McKnight, William Robinson, and Stephan Robinson on June 17, 2014.  [doc. # 1].  In the initial Complaint, Plaintiff alleges that Defendants Lewis and Linda Robinson failed to repay a loan that it extended to them on November 8, 2011.  [doc. #s 1, p. 4; 1-1, p. 1].  Under the terms of the promissory note, Lewis and Linda Robinson were required to repay the principle and interest on the loan by February 3, 2012.  [doc. # 1-1]. Plaintiff claims that the amount due is secured by an "Act of Mortgage and Security Agreement" and a "Commercial Security Agreement."  [doc. # 1, p. 11].  Under both, according to Plaintiff, all Defendants mortgaged their respective interests in two Louisiana properties.  *Id.* at 11-12.

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

As a result of Defendants' alleged failure to pay, Plaintiff asked the Court to issue a writ of seizure and sale ordering the United States Marshals Service to seize the mortgaged property, sell it, and apply the proceeds to the unpaid interest and principal.  [doc. # 1, p. 18-19].  Plaintiff also claimed that it was entitled to judgment against Lewis and Linda Robinson for any amounts owed "and for the recognition, maintenance, and enforcement of all other security rights, including pledges and assignments executed by those defendants, securing the debt sued upon herein and any other promissory notes or indebtedness owed to plaintiff by those defendants." *Id.* at 21.

On July 7, 2014, Plaintiff filed an "Ex Parte Motion for Issuance of Writ," and asked the Court, pursuant to Federal Rule of Civil Procedure 64, to issue a writ of seizure and to appoint Plaintiff as the keeper of the property to be seized.  [doc. # 5].  On July 8, 2014, the Court granted Plaintiff's Motion and issued the Writ.  [doc. #s 6, 7].  On September 25, 2014, Defendants filed a "Motion to Dismiss and Alternative Motion to Enjoin and Dissolve Writ of Seizure and Sale," and asked the Court to dismiss Plaintiff's Complaint for three reasons: (1) the properties at issue cannot be the subject of executory process because the mortgages are not "authentic acts" as defined in LA. CIV. CODE art. 1833; (2) Plaintiff cannot seek relief via executory process because Rule 64 cannot be used to award final relief; and (3) Defendants were not properly served with process.  [doc. # 20-1].

Plaintiff filed the instant Motion on October 14, 2014, seeking to amend its initial Complaint to cure the deficiencies outlined in Defendants' Motion to Dismiss.  [doc. # 23]. Plaintiff claims that the Amended Complaint converts the action into one for a money judgment instead of one for executory process, thereby mooting any concerns over whether Plaintiff can

2

pursue relief via executory process.  *Id.* at 2.  Consequently, in addition to seeking leave to amend, Plaintiff asks the Court to recall the extant Writ.  *Id.*  Plaintiff also maintains that it will properly serve each Defendant with a summons and a copy of the Amended Complaint, thereby mooting Defendants' insufficient service of process argument.  *Id.*

Defendants filed an opposition on November 5, 2014.  [doc. # 28].  They contend that Plaintiff cannot rely on LA. CODE CIV. PROC. art. 2644 to convert this action into one for monetary relief and that Plaintiff's proposed amendment is futile.  *Id.* at 7.  Plaintiff filed a Reply on November 21, 2014, [doc. # 33], and asserted that Defendants' opposition is simply a disguised effort "to have this case decided summarily on the merits . . . ."  [doc. # 31-1, p. 1].  Plaintiff argues further that Defendants have not made a clear showing that the Amended Complaint is futile.  *Id.*

The matter is now before the Court.

## Law and Analysis

Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be "freely [granted] when justice so requires."  FED. R. CIV. P. 15(a)(2).  "'Whether leave to amend should be granted is entrusted to the sound discretion of the district court . . . .'"  *Quintanilla v. Texas Television Inc.*, 139 F.3d 494, 499 (5th Cir. 1998) (quoted source omitted).  Yet, "[i]n the context of motions to amend pleadings, 'discretion' may be misleading, because FED. R. CIV. P. 15(a) 'evinces a bias in favor of granting leave to amend.'"  *Martin's Herend Imp. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770  (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)).  A district court must have a "substantial reason" to deny a request for leave to amend.  *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282,

3

286 (5ᵗʰ Cir. 2002) (citation omitted).

In deciding whether to grant leave, courts consider the following: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment.  *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5ᵗʰ Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent any of these factors, leave should be granted.  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5ᵗʰ Cir. 2004) (citing, *Foman*, 371 U.S. at 182).

## I. Lᴀ. Cᴏᴅᴇ Cɪᴠ. Pʀᴏᴄ. art. 2644

Defendants first claim that Plaintiff cannot amend the Complaint to convert the instant executory proceeding into an ordinary proceeding because the appropriate procedure for doing so arises from Lᴀ Cᴏᴅᴇ Cɪᴠ. Pʀᴏᴄ. art. 2644, "a state procedural rule . . . not applicable to federal proceedings."  [doc. # 28, p. 9].  The Court is unconvinced.  Although Article 2644 does not apply, Federal Rule of Civil Procedure 15 does.  *See Gillson v. Vendome Petroleum Corp.*, 35 F. Supp. 815, 819 (E.D. La. 1940) (holding that "executory process is a suit of a civil nature and the Federal Rules govern the procedure in the district courts of the United States in ALL suits of a civil nature . . . except such as may be specifically exempted from their operation by Rule 81; and, as already noted, this suit of a civil nature is not excepted by said Rule 81.").

## II. Futility

Defendants next contend that leave to amend should be denied on the basis of futility. [doc. # 28, p. 7].  The Fifth Circuit has stated that in the context of Rule 15, an amendment is futile if it "would fail to state a claim upon which relief could be granted."  *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5ᵗʰ Cir. 2000).  A pleading states a claim for relief when, *inter*

*alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between.  *See Iqbal, supra*.  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *See Twombly*, 550 U.S. at 556.  Although the court must accept all factual allegations set forth in the complaint as true, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 155 (5th Cir. 2010).

Here, the proposed amendment endeavors to shore up the supposed deficiencies in Plaintiff's original Complaint that prompted the pending Motion to Dismiss.  In their opposition to the instant Motion, however, Defendants do not argue that the amendment is futile in light of the pending Motion; rather, they present four new arguments that purport to explain the futility of Plaintiff's proposed pleading: (1) the Amended Complaint fails to state a claim for relief; (2) the Anti-Injunction Act precludes Plaintiff's request for declaratory judgment; (3) the matter is

subject to *Colorado River* abstention; and (4) the matter is subject to *Brillhart* abstention.  [doc. # 28, p. 7].

A.  Whether the Amended Complaint States a Claim for Relief

Defendants argue that the documents attached to the proposed amendment clearly show that the mortgaged property secures only the $130,000.00 promissory note dated February 23, 2009.  [doc. # 28, p. 11].  The property does not, according to Defendants, secure the $594,525.79 promissory note dated November 8, 2011.  *Id.*  In other words, Defendants claim that the exhibits attached to the proposed amendment should control because they contradict the allegations in the proposed Amended Complaint.

The Court finds that Defendants' argument is, as Plaintiff describes it, a veiled attempt to have this case summarily decided on the merits.  [*See* doc. # 33, p 1].  The issues that Defendants raise here mirror the issues they raise in their pending appeal and pending "Motion to Enjoin." [doc. #s 8, 9, 11].  Thus, whether Plaintiff's amended pleading succeeds in restating his cause of action is a contested issue that remains inextricably intertwined with the merits of the pending motions.  The District Court should enjoy the benefit of Plaintiff's attempt to remedy the purportedly insufficient Complaint in its consideration of those motions.

B.  Abstention

Defendants argue that "the pendency of the Wyoming Action removes this Court's authority to render declaratory relief under the Anti-injunction Act . . . ."  [doc. # 28, p. 13]. They essentially contend that the Court should abstain because "a declaratory judgment could result in a federal judgment that could be enforced by injunction to bar [the] state court proceedings."  *Id.* at 15.

6

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought . . . ."  28 U.S.C. § 2201(a).  The Act provides the district courts with an "opportunity" rather than a "duty" to grant relief.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).  In deciding whether to maintain or dismiss a declaratory judgment suit, a district court must consider:  "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action."  *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).

i. Whether the Declaratory Action is Justiciable

"A controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop."  *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967).  There must be an "actual controversy" between the parties that is ripe.  *Orix Credit Alliance, Inc, supra* (citation omitted).  "[A]n actual controversy exists where "a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests."  *Id*.  The instant claim for declaratory relief satisfies the foregoing requirements.

ii. Authority to Grant Declaratory Relief

Considering the second factor, a court does not have authority to decide the merits of a declaratory judgment action when "(1) a declaratory defendant has *previously* filed a cause of

action in state court against the declaratory plaintiff, (2) the state case involves the same issues

as those involved in the federal case, *and* (3) the district court is prohibited from enjoining the

state proceedings under the Anti-Injunction Act."  *Travelers Ins. Co. v. Louisiana Farm Bureau*

*Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993) (former emphasis added) (citing *Texas Employers'*

*Ins. Ass'n. v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988)).  "[A]ll three conditions must exist

before a federal court is stripped of the authority to consider the merits of a request for

declaratory relief . . . ."  *Cherokee Ins. Co. v. Babin ex rel. Rogers*, 2007 WL 2381928, at *2

(S.D. Miss. Aug. 17, 2007).

Here, Defendants did not "previously" file a cause of action in the Wyoming court.  To

explain, the proposed amendment clearly asserts claims that arise out of the conduct,

transactions, and occurrences set out in the original pleading.  *See* Fed. R. Civ. P. 15(c)(B).  That

is to say, a common core of operative facts unites the original claims and the newly asserted

claims.  *See Schirle v. Sokudo USA, L.L.C.*, 484 Fed. App'x 893, 901 (5th Cir. 2012) (citing

*Mayle v. Felix*, 545 U.S. 644, 659 (2005)); *see also Sanders–Burns v. City of Plano*, 594 F.3d

366, 380 (5th Cir. 2010) (in determining whether an amendment relates back, courts "take a

sensible approach to reading a complaint" because "the purpose of Rule 15(c) is to help, not

hinder, persons who have a legal right to bring their problems before the courts.").  Therefore,

under Federal Rule of Civil Procedure 15(c)(B), the date of the proposed pleading relates back to

the date of the original Complaint, June 17, 2014.  [*See* doc. # 1].  Defendants filed the state

action on September 16, 2014.  [doc. # 28-1].

Having determined that one of the three requisite factors for mandatory abstention is

lacking, the Court need not abstain from granting Plaintiff the requested declaratory relief; stated

differently, the Court possesses the authority to decide the merits of the declaratory action.  *See, e.g., AIX Specialty Ins. Co. v. W. States Asset Mgmt., Inc.*, 2013 WL 4603775, at *2 (N.D. Tex. Aug. 29, 2013) (holding that because the Plaintiff filed the declaratory action before the defendant filed suit in state court, the court "need not abstain . . . .").  For the same reason, consideration of the remaining mandatory abstention factors is unnecessary.  *See St. Paul Fire & Marine Ins. Co. v. Lupin*, 1994 WL 261935, at *2 (E.D. La. June 3, 1994) (truncating the mandatory abstention analysis after determining that the cases did not satisfy the requisite filing sequence).

    iii.  <u>Whether the Court Should Exercise its Discretion</u>

With these two preliminary questions answered, the Court must now decide whether it would abstain or whether it would exercise discretion and decide the merits of the declaratory action if it granted Plaintiff leave to file the proposed amendment.  "One of two standards governs the propriety of a decision to stay based on considerations of wise judicial administration, depending on whether the federal suit is purely declaratory or seeks other relief." *Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250 (5th Cir. 2005). When the matter is purely a declaratory judgment action, then the court must apply the standards derived from *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).  If, however, a complaint for declaratory relief includes an additional claim for "coercive" (i.e. monetary or other) relief,[2] then the suit is no longer treated as a declaratory judgment action and the court must apply the abstention standard set forth in *Colorado River Water Conservation Dist. v. U.S.*,

---

    2  *Trent v. Nat'l City Bank of Indiana*, 145 Fed. App'x. 896, 898 (5th Cir. 2005) (unpubl.); *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir. 1994).

424 U.S. 800, 817 (1976).  *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000).

Here, Plaintiff's proposed amendment seeks monetary and declaratory relief. [doc. # 23-1].  Thus, the Court determines whether it would abstain based on the *Colorado River* analysis.  There, the Supreme Court stated that federal courts have an "unflagging obligation" to "exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817.  The mere "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.*  Federal courts may abstain from exercising jurisdiction, but only in "extraordinary and narrow" circumstances, *Superior Diving Co. v. Cortigene*, 372 Fed. App'x 496, 498 (5th Cir. 2010), because abstention is "the exception, not the rule." *Colorado River*, 424 U.S. at 813.

Here, the Court initially observes that *Colorado River* abstention is "available only where the state and federal proceedings are parallel—i.e., where the two suits involve the same parties and the same issues." *Am. Guarantee & Liab. Ins. Co.*, 408 F.3d at 251.  In that respect, the proposed pleading and the state court action involve the same parties.  Moreover, for purposes of this Motion, the Court assumes, much like the parties,[3] that the proposed amendment and the pending state court action involve the same issues.[4]

Next, the Court must determine whether "exceptional circumstances support deference to the state court." *Id.* (citation omitted).  In its analysis, the Court considers the following:

---

[3] Neither party argues that the two actions involve disparate issues.

[4] The factual basis underlying Defendants' allegations in the Wyoming action mirrors the factual basis for Plaintiff's allegations in the proposed amendment.  [*See* doc. #s 23-1; 28-1].

(1)    assumption by either court of jurisdiction over a res;

(2)    the relative inconvenience of the forums;

(3)    the avoidance of piecemeal litigation;

(4)    the order in which jurisdiction was obtained by the concurrent forums;

(5)    whether and to what extent federal law provides the rules of decision on the merits; and

(6)    the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Black Sea Inv., Ltd.*, 204 F.3d at 650 (citation omitted).  No one factor is determinative, and all factors must be carefully balanced, "with the balance heavily weighted in favor of the exercise of jurisdiction."  *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983).

       i. <u>Jurisdiction Over a Res</u>

Abstention may be appropriate if a state court first exercises jurisdiction over real property.  *Colorado River*, 424 U.S. at 818 ("[T]he court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts.").  That is not the case here.  This factor weighs in favor of exercising federal jurisdiction.

      ii. <u>Relative Inconvenience of the Fora</u>

This factor contemplates "whether the inconvenience of the federal forum is so great" that abstention is warranted.  *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002) (citation omitted).  It involves consideration of "the physical proximity of the federal forum to the evidence and witnesses."  *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988).  Here, most of the documentary evidence is already before both courts.  As to the witnesses, Plaintiff—and presumably all of its employees—are all located in Teton County,

Wyoming.  [doc. # 23-1, p. 1].  Defendants Lewis Robinson, Linda Robinson, and Joye Qualls

are all citizens of Texas.  *Id.* 1-2.  Defendants David and Stephan Robinson are citizens of

Montana.  *Id.* at 2.  Defendant Elisa McKnight is a citizen of Arizona, and Defendant Walker

Robinson is a citizen of Idaho.  *Id.*  Geographically speaking, five of the seven party witnesses

are closer to Wyoming than they are to Louisiana.  Nevertheless, this factor counsels in favor of

maintaining federal jurisdiction because the inconvenience of Louisiana, compared to that of

Wyoming, is not "so great" that abstention is warranted.

       iii. <u>Avoidance of Piecemeal Litigation</u>

       This is not a classic example of piecemeal litigation, "where all of the potentially liable

defendants are parties on one lawsuit, but in the other lawsuit, one defendant seeks a declaration

of nonliability and the other potentially liable defendants are not parties."  *See Saucier v. Aviva*

*Life and Annuity Co.*, 701 F.3d 458, 464 (5th Cir. 2012) (citation omitted).  As the two actions

under consideration involve the same essential dispute and the same parties, the dispute can "be

resolved just as fully in federal court as in state court."  *Id.*  While duplicative litigation is likely,

"'[t]he prevention of duplicative litigation is not a factor to be considered in the abstention

determination.'"  *Id.* (citing *Evanston Ins. Co.*, 844 F.2d at 1192).  Moreover, "[t]he assertion of

res judicata following a decision by either the federal or state court in this case would eliminate

any problem of inconsistent judgments."  *Transocean Offshore USA, Inc. v. Catrette*, 239 Fed.

App'x 9, 12 (5th Cir. 2007).

       Nevertheless, "The real concern at the heart of the third *Colorado River* factor is the

avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings with

respect to a piece of property."  *Black Sea Inv. Ltd.*, 204 F.3d at 650.  Here, the proposed

amendment and the Wyoming action raise many of the same issues; consequently, if the Court allowed Plaintiff to proceed and amend its Complaint, there would be a risk of the two courts rendering inconsistent rulings with respect to the property at issue.  *See African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 800 (5th Cir. 2014) (holding that the risk of inconsistent judgments would be very real if the federal court and state court each determined the same issues with respect to the same property).  On balance, this factor weighs slightly in favor of abstention.

      iv. <u>Order in Which Jurisdiction was Obtained</u>

This factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."  *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21.  Here, as Defendants state, "the Wyoming Action has been filed, served, and answered," and "[d]iscovery is ready to commence."  [doc. # 28, p. 25].  In contrast, the proposed Amended Complaint in the instant proceeding—which, to reiterate, changes the claims and the nature of relief sought—would essentially begin this case anew and effectively annul any progress made thus far.  *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (holding that an "amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").  In other words, if the Court allows Plaintiff to file the proposed amendment, the state court proceeding will have progressed beyond the instant proceedings.  *See Colorado River*, 424 U.S. at 820 (abstaining due in part to the "apparent absence of any proceedings in the District court, other than the filing of the complaint, prior to the motion to dismiss" even though the federal action was filed first); *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir.

2006) (observing that "this factor only favors abstention when the federal case has not proceeded

past the filing of the complaint."). This factor favors abstention.

> v. <u>Whether State or Federal Law Applies</u>

This case involves only issues arising under state law. However, "[t]he absence of a

federal-law issue does not counsel in favor of abstention." *Black Sea Inv., Ltd.*, 204 F.3d at 651

(citation omitted). "The presence of a federal law issue must always be a major consideration

weighing against surrender [of jurisdiction], but the presence of state law issues weighs in favor

of surrender only in rare circumstances." *Evanston Ins. Co.*, 844 F.2d at 1193. Defendants have

not demonstrated that this case presents the rare circumstances that weigh in favor of abstention.

This factor remains neutral. *Id.*

> vi. <u>Adequate Protection Afforded by the Wyoming Court</u>

The final factor "can only be a neutral factor or one that weighs against, not for,

abstention." *Black Sea, supra* (citation omitted). Thus, even in the absence of any indication

that the state court cannot adequately protect Plaintiff's interests, this factor remains no more

than neutral in the Court's analysis.[5]

In sum, two of the *Colorado River* abstention factors favor federal jurisdiction, two favor

abstention, and two remain neutral. Considering that "[a]bstention is rarely appropriate in light

of the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given

them," *Credit Acceptance Corp v. Fortenberry*, 453 Fed. App'x 483, 485 (5th Cir. 2011), the

Court finds that this case does not present exceptional circumstances sufficient to warrant

---

[5] The Court has no reason to doubt the adequacy of the Wyoming court's ability to resolve the issues raised.

abstention.  *See, e.g., Transocean Offshore USA, Inc.*, 239 Fed. App'x. at 9 (the presence of one factor supporting abstention did not suffice) (citation omitted); *see also Black Sea, supra*.

As the foregoing indicates, granting Plaintiff leave to amend is not a futile exercise.  In addition, Plaintiff does not appear to be motivated by bad faith, has not repeatedly failed to cure deficiencies in previous amendments, and is not unduly prejudicing Defendants.  In light of the policy of liberal amendment, leave to amend is appropriate.

## Conclusion

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Leave to Amend, [doc. # 23], is **GRANTED**

**IT IS FURTHER ORDERED** that, as the Amended Complaint supersedes the initial Complaint, the outstanding Writ of Seizure and Sale, [doc. # 7], is recalled.

In Chambers, Monroe, Louisiana, this 10th day of December, 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

15