UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT

| | |
|---|---|
| BANK OF JACKSON HOLE | CIVIL ACTION NO. 14-1413 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LEWIS S. ROBINSON, III, ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court is a Magistrate Appeal (Record Document 36) filed by Defendants, who appeal from Magistrate Judge Hayes' Memorandum Order of December 10, 2014 (Record Document 34) granting Plaintiff Bank of Jackson Hole's ("the Bank") Motion for Leave to File Amended, Supplemental and Restated Complaint. The Bank opposed the Magistrate Appeal. See Record Document 40. For the reasons which follow, Magistrate Judge Hayes' Memorandum Order of December 10, 2014 is **AFFIRMED** and the Magistrate Appeal (Record Document 36) is **DENIED**.

**Background**

The Bank filed the instant suit against Defendants Lewis Robinson, III, Linda Robinson, David Robinson, Joye Qualls, Elisa McKnight, William Robinson, and Stephan Robinson on June 17, 2014. See Record Document 1. In the initial Complaint, the Bank alleged that Defendants Lewis and Linda Robinson failed to repay a loan that it extended to them on November 8, 2011. See id. at 4; Record Document 1-1 at 1. Under the terms of the promissory note, Lewis and Linda Robinson were required to repay the principal and interest on the loan by February 3, 2012. See Record Document 1-1. The Bank claims that the amount due is secured by an "Act of Mortgage and Security Agreement" and a "Commercial Security Agreement." Record Document 1 at 11. The Bank alleges that

under both agreements, all Defendants mortgaged their respective interests in two Louisiana properties. See id. at 11-12.[1]  As a result of Defendants' alleged failure to pay, the Bank asked the Court to issue a writ of seizure and sale ordering the United States Marshals Service to seize the mortgaged property, sell it, and apply the proceeds to the unpaid interest and principal.  See id. at 18-19.  The Bank also claimed that it was entitled to judgment against Lewis and Linda Robinson for any amounts owed "and for the recognition, maintenance, and enforcement of all other security rights, including, pledges and assignments executed by those defendants, securing the debt sued upon herein and any other promissory notes or indebtedness owed to plaintiff by those defendants be recognized, maintained and preserved."  Id. at 21-22.

On July 7, 2014, the Bank filed an "Ex Parte Motion for Issuance of Writ," and asked the Court, pursuant to Federal Rule of Civil Procedure 64, to issue a writ of seizure and to appoint the Bank as the keeper of the property to be seized. See Record Document 5.  On July 8, 2014, the Court granted the Bank's Motion and issued the writ.  See Record Documents 6 & 7.  On August 28, 2014, Defendants filed a Motion to Enjoin Enforcement of Writ of Seizure and Sale, Motion to Dissolve Writ, and Motion To Stay Without Hearing. See Record Document 8.  On that same date, Defendants also filed a Magistrate Appeal objecting to the Order issuing the writ.  See Record Document 9.

On September 25, 2014, Defendants filed a "Motion to Dismiss and Alternative Motion to Enjoin and Dissolve Writ of Seizure and Sale," and asked the Court to dismiss

---

[1] Lewis and Linda Robinson are sometimes referred to as the Usufruct Defendants. The Naked Owner Defendants are David Evans Robinson, Joye Dale Qualls, Elisa Robinson McKnight, Williams Walker Robinson, and Stephan Spearing Robinson.

the Bank's Complaint for three reasons: (1) the properties at issue cannot be the subject of executory process because the mortgages are not "authentic acts" as defined in Louisiana Civil Code Article 1833; (2) the Bank cannot seek relief via executory process because Rule 64 cannot be used to award final relief; and (3) Defendants were not properly served with process. See Record Document 20-1. The Bank then filed a Motion for Leave to File Amended, Supplemental and Restated Complaint on October 14, 2014, seeking to amend its initial Complaint to cure the deficiencies outlined in Defendants' Motion to Dismiss. See Record Document 23. The Bank claimed that the Amended Complaint converted the action into one for a money judgment instead of one for executory process, thereby mooting any concerns over whether it could pursue relief via executory process. See id. at 2. The Bank also asked the Court to recall the extant writ. See id.[2]

Defendants opposed the Bank's Motion for Leave to File Amended, Supplemental and Restated Complaint, arguing that the Bank cannot rely on Louisiana Code of Civil Procedure Article 2644 to convert this action into one for monetary relief and that the Bank's proposed amendment was futile. See Record Document 28. The Bank replied, arguing that Defendants were simply making a disguised effort to have the case decided summarily on the merits and that the Amended Complaint was not futile. See Record Document 31.

Magistrate Judge Hayes entered her Memorandum Order granting the Bank's

---

[2]In its motion, the Bank also stated that its Amended, Supplemental and Restated Complaint would negate not only Defendants' pending Motion to Dismiss and Alternative Motion to Enjoin and Dissolve Writ of Seizure and Sale (Record Document 20), but also Defendants' Motion to Enjoin Enforcement of Writ of Seizure and Sale, Motion to Dissolve Writ, and Motion to Stay without Hearing (Record Document 8) and Defendants' Magistrate Appeal objecting to the Order issuing the Writ of Seizure and Sale (Record Document 9).

motion on December 10, 2014. See Record Document 34. She applied Federal Rule of Civil Procedure 15(a), not Louisiana Code of Civil Procedure Article 2644. As to Defendants' futility argument, Magistrate Judge Hayes applied the Fifth Circuit's standard that in the context of Rule 15, an amendment is futile if it "would fail to state a claim upon which relief could be granted." Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000). She further addressed each of Defendants' four grounds for their futility argument: (1) the Amended Complaint fails to state a claim for relief; (2) the Anti-Injunction Act precludes the Bank's request for declaratory judgment; (3) the matter is subject to Colorado River abstention; and (4) the matter is subject to Brillhart abstention.

In determining whether the amended complaint stated a claim for relief, Magistrate Judge Hayes considered Defendants' claim that the exhibits attached to the proposed amendment contradicted the allegations in the proposed amendment. Ultimately, she concluded that Defendants' argument was a veiled attempt to have this case summarily decided on the merits.

Next, Magistrate Judge Hayes addressed Defendants' argument that the pendency of the Wyoming state court action removed this Court's authority to render declaratory relief under the Anti-injunction Act. Defendants maintained that the Court should abstain because a declaratory judgment could result in a federal judgment that could be enforced by injunction to bar the state court proceedings. In deciding whether to maintain or dismiss a declaratory judgment suit, the Magistrate Judge considered: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." Sherwin-Williams Co. v. Holmes Cnty., 343 F.3d 383, 387 (5th Cir. 2003).

Magistrate Judge Hayes considered all three factors. As to the first factor, Magistrate Judge Hayes held that the declaratory action was justiciable. See Record Document 34 at 7. As to the second factor, the Magistrate Judge was guided by Fifth Circuit case law explaining that a court does not have authority to decide the merits of a declaratory judgment action when "(1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, (2) the state case involves the same issues as those involved in the federal case, and (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act." Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc., 996 F.2d 774, 776 (5th Cir. 1993). Magistrate Judge Hayes concluded:

> Here, Defendants did not "previously" file a cause of action in the Wyoming court. To explain, the proposed amendment clearly asserts claims that arise out of the conduct, transactions, and occurrences set out in the original pleading. *See* FED. R. CIV. P. 15(c)(B). That is to say, a common core of operative facts unites the original claims and the newly asserted claims. *See Schirle v. Sokudo USA, L.L.C.*, 484 Fed. App'x 893, 901 (5th Cir. 2012) (citing *Mayle v. Felix*, 545 U.S. 644, 659 (2005)); see also Sanders–Burns v. City of Plano, 594 F.3d 366, 380 (5th Cir. 2010) (in determining whether an amendment relates back, courts "take a sensible approach to reading a complaint" because "the purpose of Rule 15(c) is to help, not hinder, persons who have a legal right to bring their problems before the courts."). Therefore, under Federal Rule of Civil Procedure 15(c)(B), the date of the proposed pleading relates back to the date of the original Complaint, June 17, 2014. [*See* doc. # 1]. Defendants filed the state action on September 16, 2014. [doc. # 28-1].

Record Document 34 at 8. Having determined that one of the three requisite conditions for mandatory abstention was lacking, Magistrate Judge Hayes held that the Court possessed the authority to decide the merits of the declaratory action.

Next, Magistrate Judge Hayes considered the third factor, that is, whether to exercise the court's discretion to decide or dismiss the action. She considered two

abstention doctrines and ultimately concluded that the Colorado River abstention analysis was proper:

> "One of two standards governs the propriety of a decision to stay based on considerations of wise judicial administration, depending on whether the federal suit is purely declaratory or seeks other relief." *Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250 (5th Cir. 2005). When the matter is purely a declaratory judgment action, then the court must apply the standards derived from *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). If, however, a complaint for declaratory relief includes an additional claim for "coercive" (i.e. monetary or other) relief, then the suit is no longer treated as a declaratory judgment action and the court must apply the abstention standard set forth in *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976). *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000).
> Here, Plaintiff's proposed amendment seeks monetary and declaratory relief. [doc. # 23-1]. Thus, the Court determines whether it would abstain based on the *Colorado River* analysis.

Record Document 34 at 9-10. Magistrate Judge Hayes then weighed the Colorado River abstention factors, finding "in sum, two of the . . . factors favor federal jurisdiction, two favor abstention, and two remain neutral." Id. at 14. Noting that abstention is rarely appropriate in light of the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them, the Magistrate Judge held that this case did not present exceptional circumstances sufficient to warrant abstention.

Therefore, Magistrate Judge Hayes held that granting leave to amend was not a futile exercise. She further noted that the Bank did not appear to be motivated by bad faith, had not repeatedly failed to cure deficiencies in previous amendments, and was not unduly prejudicing Defendants. In light of the policy of liberal amendment, Magistrate Judge Hayes granted the Bank's Motion for Leave to File Amended, Supplemental and Restated Complaint.

Defendants have now appealed Magistrate Judge Hayes' Memorandum Order and

the matter is now before this Court.

**Legal Standards**

The issue decided by Magistrate Judge Hayes in her December 10, 2014 Memorandum Order relates to a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as a dispositive motion (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Magistrate Judge Hayes' order was not a recommendation to the district court; rather, it is an order from a magistrate judge on non-dispositive matters that require the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir. 1992). The Court reviews Magistrate Judge Hayes' legal conclusion de novo, and reviews her factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5th 2005).

Federal Rule of Civil Procedure 15(a)(2) guides the instant matter and provides "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." F.R.C.P. 15(a)(2). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court." Quintanilla v. Tex. Television Inc., 139 F.3d 494, 499 (5th Cir. 1998). However, "in the context of motions to amend pleadings, discretion may be misleading, because Fed.R.Civ.P. 15(a) evinces a bias in favor of granting leave to amend. Indeed, unless there is a substantial reason, . . . the discretion of the district court is not broad enough to permit denial." Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co., 195 F.3d 765, 770 (5th Cir. 1999).

The Fifth Circuit considers five factors in determining whether to deny leave to amend a complaint: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of the amendment." Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003). Absent such factors, the leave sought should be freely given. See id.

**Analysis**

Defendants argue that the Magistrate Judge's ruling was erroneous on four grounds: (1) the Magistrate Judge should have held that the Bank cannot state a claim against the naked owner Defendants based on the documents attached to the amended complaint; (2) the Magistrate Judge erred in not applying mandatory abstention under the Anti-Injunction Act; (3) the Magistrate Judge erred in the determination and balancing of the Colorado River abstention factors; and (4) the Magistrate Judge erred in not applying Brillhart abstention. Defendants do not appeal from the portion of Magistrate Judge Hayes' Memorandum Order which vacates the *ex parte* writ of seizure and sale. See Record Document 36-1 at 2, n. 2. Thus, Defendants' Motion to Enjoin Enforcement of Writ of Seizure and Sale, Motion to Dissolve Writ, and Motion To Stay Without Hearing (Record Document 8) and their Magistrate Appeal objecting to the Order issuing the Writ of Seizure and Sale (Record Document 9) are now **MOOT**.

Defendants' Argument as to Error 1

Like Magistrate Judge Hayes, this Court is guided by Rule 15(a)'s directive that leave to amend shall be freely given. Moreover, this Court finds no error in Magistrate

Judge Hayes' reasoning that Defendants' proffered reasons to oppose the motion for leave to amend, and likewise the instant appeal, are veiled attempts to have this case summarily and/or prematurely decided on the merits.[3]  Assuming the factual allegations set forth by the Bank to be true, this Court believes that the Bank has asserted a valid cause of action against the naked owner Defendants, that is, the naked owner Defendants are indebted to the Bank.  Thus, Defendants' contentions that the Bank's amendment was futile and that the Magistrate Judge should have held that the Bank cannot state a claim against the naked owner Defendants based on the documents attached to the amended complaint are without merit.

Defendants' Argument as to Error 2

Next, relying upon Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 3 F.3d 877 (5th Cir. 1993), Defendants argue that the Magistrate Judge erred in not applying mandatory abstention under the Anti-Injunction Act.  More specifically, Defendants argue that Magistrate Judge Hayes erroneously applied the relation back rule under Rule 15(c)(B).

This appeal argument relates to Defendants' contention that the pendency of the Wyoming state court action removes this Court's authority to render declaratory relief under the Anti-injunction Act.  They maintain that the Court should abstain because a declaratory judgment could result in a federal judgment that could be enforced by injunction to bar the state court proceedings.

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), has been understood to confer

---

[3]Here, Defendants essentially ask the Court to dismiss the Bank's case on the merits based on a cursory review of hundreds of pages of loan documents relating to serial loan transactions.

on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. See Wilton v. Seven Falls Co., 515 U.S. 277, 287, 115 S.Ct. 2137, 2142 (1995). The ultimate issue in deciding how the court should exercise its discretion is "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in state court." Burlington Ins. Co. v. Mother's Land, Inc., No. 3:06cv533-TSL-JCS, 2007 WL 188655, *2 (S.D.Miss. Jan. 23, 2007) (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495, 62 S.Ct. 1173, 1176 (1942)). The decision regarding whether or not a court should exercise its discretion involves three inquiries: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." Sherwin-Williams Co., 343 F.3d at 387.

Here, Defendants do not appeal Magistrate Judge Hayes' finding that the declaratory action was justiciable. In fact, they agree with such finding. See Record Document 36-1 at 16. Their appeal is as to the second factor, whether this Court has the authority to grant declaratory relief.

"As a general rule, the district court may not consider the merits of the declaratory judgment action when (1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, (2) the state case involves the same issues as those involved in the federal case, and (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act." Travelers Ins. Co., 996 F.2d at 776. Importantly, "all three conditions must exist before a federal court is stripped of the authority to consider the merits of a request for declaratory relief." Cherokee Ins. Co. v. Babin ex rel. Rogers, No. 3:06CV00612 DPJJCS, 2007 WL 2381928, at *2 (S.D. Miss. Aug. 17, 2007).

Magistrate Judge Hayes focused on the first condition and held that "Defendants did not 'previously' file a cause of action in the Wyoming court" under the relation back rule pursuant to Rule 15(c). See Record Document 34 at 8. Defendants maintain that this ruling is in direct contravention of Royal Ins. Co. of Am., 3 F.3d 877 (5th Cir. 1993). This Court disagrees, finding that Defendants argument more properly goes to the third condition (the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act.), not the first condition (a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff).

In Royal Ins. Co. of Am., the Fifth Circuit reasoned that if an injunction would be barred by § 2283 of the Anti-Injunction Act, then this should also bar the issuance of a declaratory judgment that would have the same effect as enjoining a state court action. See id. at 883. The Royal court discussed the application of the Anti-Injunction Act where the action for declaratory judgment is filed in federal court before the state court action is filed. See id. at 885. The Fifth Circuit noted a circuit split and eventually held that the Anti-Injunction Act applies regardless of when the federal and state suits were filed. See id.

In Nat'l Cas. Co. v. DeQueen, Inc., No. CIV.A. 13-5611, 2013 WL 6004055, at *3 (E.D. La. Nov. 13, 2013), the court applied Royal Ins. Co. of Am. and reasoned:

> Treating the third prong of this analysis first, the Court finds that the Anti–Injunction Act would bar this Court from hearing this action. . . . Even though [the defendant] filed in state court after the [plaintiff] Insurers filed in federal court, the Court must conduct its analysis according to the current posture of the proceedings. Because there is a pending state court action in this matter, the Anti-Injunction Act applies to this suit.

Id. The court then went on to consider the second and first conditions, that is, whether the state court and federal court proceedings involve the same issues and whether there was

a state court proceeding filed prior to the federal action. In relation to the first condition, the court stated:

> Facially, this prong is not met because at the time that Insurers filed suit in federal court, there was no state court action pending. Thus, the Court would have authority to hear the suit.

Id. at*2-3 (E.D. La. Nov. 13, 2013); see also Melancon v. Union Carbide Corp., No. CIV. A. 97-1299, 1998 WL 122610, at *5 (E.D. La. Mar. 19, 1998) ("Although Mrs. Melancon makes much of the fact that her case in federal court was the first lawsuit to bring together all of the parties under one heading, the timing of the suits does not determine whether the Anti-Injunction Act applies. In the Fifth Circuit, the Act applies whenever a state suit is pending, even if it is filed after the federal suit. Royal Ins. Co., 3 F.3d at 885.").

Based on this reasoning, the Court finds that Magistrate Judge Hayes was correct in concluding that "Defendants did not 'previously' file a cause of action in the Wyoming court"; that under Federal Rule of Civil Procedure 15(c)(B), the date of the proposed pleading relates back to the date of the original Complaint, June 17, 2014; and that one of the three requisite factors for mandatory abstention was lacking. This Court believes that Magistrate Judge Hayes' finding that the Court possessed the authority to decide the merits of the Bank's declaratory action was neither clearly erroneous nor contrary to law.[4]

Defendants' Argument as to Errors 3 & 4

---

[4]The Court further notes that the Bank prayed "for the recognition, maintenance and enforcement of all other security rights, including, pledges and assignments executed by those defendants, securing the debt sued upon herein and any other promissory notes or indebtedness owed to plaintiff by those defendants be recognized, maintained and preserved" in both the original complaint and the amended complaint. See Record Document 1 at 21-22; Record Document 35 at 26-27.

Finally, Defendants argue that the Magistrate Judge erred in the determination and balancing of the Colorado River abstention factors and in not applying Brillhart abstention. This Court has independently reviewed Magistrate Judge Hayes' careful and detailed analysis of the Colorado River abstention factors. See Record Document 34 at 10-15. It is this Court's belief that such analysis was neither clearly erroneous nor contrary to law. Moreover, the Court is cognizant of the controlling parameters of Colorado River abstention, namely "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them" and the narrow and extraordinary nature of the abstention doctrine. Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 813, 817, 96 S. Ct. 1236, 1244, 1246 (1976); see also Superior Diving Co. Inc. v. Cortigene, 372 F. App'x 496, 498 (5th Cir. 2010).

Likewise, Magistrate Judge Hayes' decision to not apply Brillhart abstention was proper. In Southwind Aviation, Inc. v. Bergen Aviation, Inc., 23 F.3d 948 (5th Cir. 1994), a case cited by the Magistrate Judge, the Fifth Circuit held:

> In the instant case, the district court characterized Southwind's suit as a declaratory judgment action. . . . But the district court erred as a matter of law in classifying Southwind's suit as a declaratory judgment action. Although some of the relief sought by Southwind is declaratory in nature, Southwind also requests coercive remedies for the breach of contract in the form of damages, attorney's fees, and injunctive relief. Inclusion of these coercive remedies indisputably removes this suit from the ambit of a declaratory judgment action. The district court's mistake in classifying the case as a declaratory judgment action led it to apply the wrong standard. The court has therefore never had an opportunity to exercise its discretion regarding abstention under the appropriate standards. Consequently, we must remand this cause to the district court so that it may decide in the first instance whether abstention is warranted here in light of the appropriate standards of Colorado River.

Id. at 951. Brillhart is applicable "if the federal suit seeks only a declaration of rights."

Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc., 408 F.3d 248, 250 (5th Cir. 2005). Here, the Amended, Supplemental, and Restated Complaint seeks monetary and declaratory relief. See Record Document 35 at 26-28. Thus, Magistrate Judge Hayes' conclusion that Brillhart is inapplicable was neither clearly erroneous nor contrary to law.

Conclusion

In sum, this Court notes that Defendants' appeal appears to be nothing more than a rehashing of arguments previously considered and rejected by Magistrate Judge Hayes. An independent review of the record leads the Court to conclude that Magistrate Judge Hayes' decision was neither clearly erroneous nor contrary to law.

Moreover, courts are entitled to use their discretion in deciding issues such as the one presented in the instant matter. Magistrate Judge Hayes felt it was the best exercise of this court's discretion in these circumstances to allow the Bank to amend its complaint. In reurging the very same arguments presented to Magistrate Judge Hayes, Defendants have failed to demonstrate that Magistrate Judge Hayes' exercise of discretion was clearly erroneous or contrary to law.

Based on the foregoing analysis, the Court finds that Magistrate Judge Hayes' Memorandum Order granting Plaintiff's Motion for Leave to File Amended, Supplemental and Restated Complaint was neither clearly erroneous nor contrary to law. Such order is hereby **AFFIRMED** in its entirety.[5]

Accordingly,

---

[5] In light of the instant ruling, Defendants' pending Motion to Dismiss and Alternative Motion to Enjoin and Dissolve Writ of Seizure and Sale (Record Document 20) is hereby **DENIED AS MOOT**.

**IT IS ORDERED** that Defendants' Magistrate Appeal (Record Document 36) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of March, 2015.

*/s/ S. Maurice Hicks, Jr./*
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE