UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT

BANK OF JACKSON HOLE            CIVIL ACTION NO. 14-1413

VERSUS            JUDGE S. MAURICE HICKS, JR.

LEWIS S. ROBINSON, III, ET AL.            MAGISTRATE JUDGE HAYES

**MEMORANDUM RULING**

    Before the Court is a Motion to Strike Affirmative Defenses (Record Document 54) filed by Plaintiff Bank of Jackson Hole ("BJH"). BJH moves to strike Defendants' affirmative defenses on the grounds that the affirmative defenses are not recognized as affirmative defenses, do not meet minimum pleading requirements, and/or require facts that will be impossible for Defendants to prove. Defendants have opposed the Motion to Strike. See Record Document 62. For the reasons which follow, the Motion to Strike is **DENIED**.

**BACKGROUND**[1]

    BJH filed the instant suit against Defendants Lewis Robinson, III, Linda Robinson, David Robinson, Joye Qualls, Elisa McKnight, William Robinson, and Stephan Robinson on June 17, 2014. See Record Document 1. In the initial Complaint, BJH alleged that Defendants Lewis and Linda Robinson failed to repay a loan that it extended to them on November 8, 2011. See id. at 4; Record Document 1-1 at 1. Under the terms of the promissory note, Lewis and Linda Robinson were required to repay the principal and interest on the loan by February 3, 2012. See Record Document 1-1. BJH claims that the amount due is secured by an "Act of Mortgage and Security Agreement" and a "Commercial Security Agreement." Record Document 1 at 11. BJH alleges that under both

---

[1]The Background Section is drawn in large part from this Court's Memorandum Ruling on Defendants' Magistrate Appeal. See Record Document 45.

agreements, all Defendants mortgaged their respective interests in two Louisiana properties. See id. at 11-12. As a result of Defendants' alleged failure to pay, BJH asked the Court to issue a writ of seizure and sale ordering the United States Marshals Service to seize the mortgaged property, sell it, and apply the proceeds to the unpaid interest and principal. See id. at 18-19. BJH also claimed that it was entitled to judgment against Lewis and Linda Robinson for any amounts owed "and for the recognition, maintenance, and enforcement of all other security rights, including, pledges and assignments executed by those defendants, securing the debt sued upon herein and any other promissory notes or indebtedness owed to plaintiff by those defendants be recognized, maintained and preserved." Id. at 21-22.

On July 7, 2014, BJH filed an "Ex Parte Motion for Issuance of Writ," and asked the Court, pursuant to Federal Rule of Civil Procedure 64, to issue a writ of seizure and to appoint BJH as the keeper of the property to be seized. See Record Document 5. The Court granted BJH's Motion and issued the writ. See Record Documents 6 & 7. In August 2014, Defendants filed a Motion to Enjoin Enforcement of Writ of Seizure and Sale, Motion to Dissolve Writ, and Motion To Stay Without Hearing. See Record Document 8. On that same date, Defendants also filed a Magistrate Appeal objecting to the Order issuing the writ. See Record Document 9.

On September 25, 2014, Defendants filed a "Motion to Dismiss and Alternative Motion to Enjoin and Dissolve Writ of Seizure and Sale," and asked the Court to dismiss BJH's Complaint for three reasons: (1) the properties at issue cannot be the subject of executory process because the mortgages are not "authentic acts" as defined in Louisiana Civil Code Article 1833; (2) BJH cannot seek relief via executory process because Rule 64

cannot be used to award final relief; and (3) Defendants were not properly served with process.  See Record Document 20-1.  BJH then filed a Motion for Leave to File Amended, Supplemental and Restated Complaint on October 14, 2014, seeking to amend its initial Complaint to cure the deficiencies outlined in Defendants' Motion to Dismiss.  See Record Document 23.  BJH claimed that the Amended Complaint converted the action into one for a money judgment instead of one for executory process, thereby mooting any concerns over whether it could pursue relief via executory process.  See id. at 2.  BJH also asked the Court to recall the extant writ.  See id.

Defendants opposed BJH's Motion for Leave to File Amended, Supplemental and Restated Complaint, arguing that the Bank cannot rely on Louisiana Code of Civil Procedure Article 2644 to convert this action into one for monetary relief and that the Bank's proposed amendment was futile.  See Record Document 28.  Magistrate Judge Hayes entered a Memorandum Order granting BJH's motion on December 10, 2014.  See Record Document 34.  She applied Federal Rule of Civil Procedure 15(a), not Louisiana Code of Civil Procedure Article 2644.  As to Defendants' futility argument, Magistrate Judge Hayes applied the Fifth Circuit's standard that in the context of Rule 15, an amendment is futile if it "would fail to state a claim upon which relief could be granted." Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000).  She further addressed each of Defendants' four grounds for their futility argument, including failure to state a claim and abstention. Ultimately, she concluded that Defendants' argument was a veiled attempt to have this case summarily decided on the merits and that granting leave to amend was not a futile exercise.  In light of the policy of liberal amendment, Magistrate Judge Hayes granted BJH's Motion for Leave to File Amended, Supplemental and Restated Complaint.

Defendants appealed the Magistrate Judge's ruling. This Court denied the Magistrate Appeal, holding that the Memorandum Order granting BJH's Motion for Leave to File Amended, Supplemental and Restated Complaint was neither clearly erroneous nor contrary to law. See Record Documents 45 & 46.

On April 17, 2015, Defendants filed an Answer, Defenses and Counterclaim. See Record Document 50. In the Counterclaim, Defendants asserted a count for damages for breach of contract and breach of implied covenants of good faith and fair dealing and a count for declaratory judgment as to the invalidity of certain of the modified loan agreements between the Robinsons and BJH, which purported to extend the Louisiana Mineral Properties as collateral for other debts. See id. BJH has now moved to strike the sixteen defenses and objections contained in Defendants' answer.

## LEGAL STANDARD

Motions to strike are governed by Rule 12(f), which provides that a "court *may* strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." F.R.C.P. 12(f) (emphasis added). Striking a defense under Rule 12(f) is discretionary and "motions to strike are disfavored and infrequently granted." U.S. v. Cushman & Wakefield, Inc., 275 F .Supp.2d 763, 767 (N.D.Tex.2002), citing Augustus v. Board of Public Instruction of Escambia County, Florida, 306 F.2d 862, 868 (5th Cir.1962). As the Fifth Circuit has noted:

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. . . . It is a drastic remedy to be resorted to only when required for the purpose of justice. . . . The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

Augustus, 306 F.2d at 868, citing Brown v. Williamson Tobacco Corp. v. U.S., 201 F.2d 819, 822 (6th Cir.1953).

A Rule 12(f) motion to strike a defense is proper when the defense is insufficient as a matter of law. See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729 (1983). Conversely, a motion to strike defenses should not be granted unless the moving party demonstrates: (1) denial of the motion would be prejudicial to the moving party, and (2) there is no question of law or fact regarding a particular defense. See Willis v. EAN Holdings, LLC, No. CIV.A. 12-760-BAJ, 2013 WL 3293694, at *1 (M.D. La. June 28, 2013). Motions to strike defenses "generally will not be granted unless it is shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense," a "high bar." Global ADR, Inc. v. City of Hammond, No. CIV.A. 03-457, 2003 WL 21146696, at *1 (E.D. La. May 15, 2003); see also Harter v. IRS, No. Civ. 02-00325, 2002 WL 31689533 *4 (D.Haw.2002) ("Generally, motions to strike insufficient defenses are disfavored, and, even when technically appropriate and well-founded, they often are not granted in the absence of a showing of prejudice to the moving party.").

No Circuit Court of Appeals has decided whether the heightened, plausibility pleading standard of Twombly and Iqbal or the relaxed, "fair notice" requirement of Rule 8(a) applies to the pleading of an affirmative defense. See Matthew Dewan v. M-I, L.L.C., No. H-15-1746, 2016 WL 695717, at *5 (S.D. Tex. Feb. 22, 2016). District courts in the Fifth Circuit are divided on the issue. See id. After a review of the competing positions, this Court will apply the fair notice standard as opined by the Fifth Circuit in Woodfield v.

Bowman, 193 F.3d 354, 362 (5th Cir. 1999).

## ANALYSIS

Defendants listed sixteen "Defenses and Objections" in their Answer. Record Document 50 at 11-12. BJH seeks to strike all but one of the defenses. The Court will address each defense/objection below.

**I.**     **Abstention Objections & Failure to State a Claim.**

The first two defenses urged by Defendants are abstention objections and failure to state a claim. See Record Document 50 at ¶ II(1) & (2). Defendants acknowledge that the Court has ruled upon the abstention motions and they do not intend to re-litigate the issue. See Record Document 62 at 15. Defendants simply seek to preserve the abstention issue for appeal. See id. Moreover, when a motion to strike contains a substantial question of law, courts are unwilling to resolve the question on the motion but should leave the sufficiency of the allegations for determination on the merits. See Augustus v. Bd. of Public Instruction of Escambia Cty., Fla., 306 F.2d 862, 868 (5th Cir.1962). Courts have generally held that an abstention question is a substantial legal question best raised in a dispositive motion, rather than a motion to strike. See Certain Underwriters at Lloyd's Subscribing to Policy No. TCN034699 v. Bell, No. 5:13-CV-113-DCB-MTP, 2014 WL 4546046, at *4 (S.D. Miss. Sept. 11, 2014). Accordingly, the Motion to Strike is **DENIED** as to the abstention objections.

Defendants likewise acknowledge that the Court has rejected the argument that the amended complaint cannot state a claim and deferred the arguments raised to the merits. See Record Document 62 at 16. Once again, Defendants simply seek to preserve this

issue for appeal.  See id.  Moreover, "the Federal Rules of Civil Procedure provide the following example of a suitable Rule 12(b)(6) defense: 'The complaint fails to state a claim upon which relief can be granted.'  Fed.R.Civ.P. Form 30."  U-Save Auto Rental of Am., Inc. v. McDonnell, No. 3:13CV127-LG-JMR, 2013 WL 5888241, at *1 (S.D. Miss. Oct. 31, 2013).  Thus, it cannot be said that Defendants' defense containing the same language is insufficient as a matter of law.  See id.  The Motion to Strike is, therefore, **DENIED** as to the failure to state a claim defense.

**II.**     **Reservation of Right to Amend Answer.**

As their sixteenth defense, Defendants state, "As discovery has not commenced, Defendants reserve the right to amend their answer to assert any other defenses or objections which may be warranted. to assert any other defenses or objections which may be warranted."  Such reservations are common practice and any amendments made to their answer would be required to satisfy the requirements of Federal Rule of Civil Procedure 15.  Thus, the Motion to Strike is **DENIED** as to this reservation of right.

**III.**     **Remaining Defenses.**

The remaining defenses asserted by Defendants are as follows:

3.     As a matter of law, the commercial security agreements alleged by BJH are not applicable to Defendants' royalty rights.

4.     Defendants plead the limitations upon the scope of the secured indebtedness set forth in the collateral and loan documents between the parties.

5.     Defendants plead that the indebtedness secured by the collateral documents alleged herein has been extinguished and satisfied by payment.

6.     Defendants plead that the indebtedness secured by the collateral

> documents alleged herein has been extinguished by the conduct or actions of Plaintiff, including but not limited to the matters plead in the Counterclaim set forth below.
>
> 7. Defendants plead the defenses of offset and compensation.
>
> 8. Defendants plead that certain of the loan transactions at issue in this matter are subject to the law of other jurisdictions, as further described in the Counterclaim.
>
> 9. Defendants plead waiver, estoppel and unclean hands.
>
> 10. Defendants plead the defense of unconscionability.
>
> 11. Defendants plead that certain instruments alleged by Plaintiff were executed under duress and unlawful coercion, as further described in the Counterclaim.
>
> 12. Defendants plead Plaintiff's failure to satisfy the statute of frauds and other writing requirements with respect to the agreements and undertakings alleged by the Plaintiff.
>
> 13. Defendants plead Plaintiff's breach of implied covenants and good faith, as further described in the Counterclaim.
>
> 14. Defendants plead the lack or absence of valid consent to instruments alleged in Plaintiff's complaint.
>
> 15. Defendants plead detrimental reliance.

Record Document 50 at ¶ (3-15). The Court believes that questions of law and fact remain regarding each of these affirmative defenses. While at first glance some of the defenses appear conclusory, i.e., detrimental reliance; waiver, estoppel and unclean hands; and unconscionability, this Court cannot say that such defenses are so unrelated to BJH's "claims as to be unworthy of any consideration as a defense." Global ADR, Inc., 2003 WL 21146696, at *1 (E.D. La. May 15, 2003); see also Harter, 2002 WL 31689533 *4 (D.Haw.2002) ("Generally, motions to strike insufficient defenses are disfavored, and, even when technically appropriate and well-founded, they often are not granted in the absence

of a showing of prejudice to the moving party."). Moreover, in light of the record as whole in this matter, this Court does not find that BJH will be prejudiced by allowing the defenses to remain during this stage of the proceeding. The counterclaim asserted by Defendants and the prior filings made in this case as part of BJH's original action for executory process include abundant detail and exhibits relating to the subject matter of the defense. Thus, BJH has fair notice of the substance of Defendants' defenses and objections. The Motion to Strike is, therefore, **DENIED** as to defenses three through fifteen.

## CONCLUSION

The Court finds BJH has fair notice of Defendants' defenses by virtue of the record as a whole, including namely the answer, the counterclaim, and the prior filings made in this case as part of BJH's original action for executory process. Moreover, BJH will not be prejudiced by the denial of the instant motion and that questions of law and fact remain regarding Defendants' defenses.

Accordingly,

**IT IS ORDERED** that the Motion to Strike Affirmative Defenses (Record Document 54) filed by BJH be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of March, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE