**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

BANK OF JACKSON HOLE                          CIVIL ACTION NO. 14-1413

VERSUS                                        JUDGE S. MAURICE HICKS, JR.

LEWIS S. ROBINSON, III, ET AL.                MAGISTRATE JUDGE HAYES

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 86) filed by

Plaintiff Bank of Jackson Hole ("BOJH").  The motion was opposed by *pro se* Defendant

Lewis S. Robinson.  See Record Document 92.  The remaining defendants filed no

opposition.  For the reasons which follow, BOJH's Motion for Summary Judgment is

**GRANTED**.

**BACKGROUND**

This is an action on the obligations of Defendants Lewis S. Robinson, III, and Linda

Robinson ("the Robinsons") under promissory notes evidencing loans made by BOJH.  It

is also an action against Defendants Lewis S. Robinson, III, Linda Robinson, David Evans

Robinson, Joye Dale Qualls, Elisa Robinson McKnight, William Walker Robinson, and

Stephan Spearing Robinson for recognition of mortgages, security agreements, pledges,

assignments, and encumbrances securing those obligations.  The mortgages, security

agreements, pledges, assignments, and encumbrances securing the obligations owed on

the loans encumber property owned by the Robinsons.  The security for the obligations also

encumbers mineral properties co-owned by all of the Defendants.

The Robinsons and Duck Creek Montana, LLC ("Duck Creek"), a limited liability

company, borrowed money from BOJH and executed various promissory notes to evidence

the obligation to repay the loans.[1]  The loans were as follows:

1.      Loan Number 119312 in the original principal amount of $250,000.00;

2.      Loan Number 124328 in the original principal amount of $130,000.00 and later increased to the principal amount of $350,000.00;

3.      Loan Number 128560 in the original principal amount of $594,525.79, which was made to consolidate and renew the principal balances

---

[1]BOJH filed a "Statement of Material Facts as to Which There Exists No Genuine Issue."  Record Document 86-1.  In responding to BOJH's motion, Defendant Lewis S. Robinson, III listed "Statement of Material Facts as to Which There Exists Genuine Issue" as an item submitted in "objection" to BOJH's motion.  Record Document 92 at 1.  However, this Court has reviewed the entirety of his submission and finds no such statement of material facts.

Federal Rule of Civil Procedure 56 provides that "a party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  F.R.C.P. 56()(1)(A).  "The court need consider only the cited materials."  F.R.C.P. 56(c)(3).  "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."  F.R.C.P. 56(e)(2).  Likewise, Local Rule 56.2 states:

Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried.  All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

Defendant Lewis S. Robinson, III did not identify any specific evidence in the record to dispute BOJH's  "Statement of Material Facts as to Which There Exists No Genuine Issue."  The other Defendants failed to oppose BOJH's dispositive motion.  It is not this Court's duty to perform such tasks for Defendants.  See Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998).  In their answer, Defendants repeatedly plead "that the contents of the written loan documents, transactions, agreements and communications among Plaintiffs and Defendants speak for themselves, and are the best evidence of their contents."  Record Document 50.  Thus, based on the posture of this case, the Court deems BOJH's statements of fact admitted and the background section of the instant ruling is drawn from BOJH's "Statement of Material Facts as to Which There Exists No Genuine Issue."

owed on Loan Number 119312 and Loan Number 124328; and

4.      Loan Number 128568 in the original principal amount of $26,478.46.

The loan numbers were also used to identify the promissory notes that evidenced the loans.  For example, the promissory notes executed with respect to Loan Number 119312 were identified as promissory note number 119312 or note number 119312.  When a loan became due, and the borrower did not pay the balance owed on it according to the terms of the most recently executed promissory note, BOJH allowed the borrower to renew the loan, and documents were executed to evidence the renewal.

**Loan Number 119312**

The promissory note dated March 14, 2007, executed by Duck Creek, evidences Loan Number 119312 and is made payable to BOJH in the original principal amount of $250,000.00, together with interest.  See Record Document 86, Exhibit 1.  The full unpaid balance owed was due and payable on or before September 15, 2008.

BOJH and Duck Creek executed a Modification Agreement dated January 28, 2008, by which the principal amount of Loan Number 119312 was increased to $350,000.00 as a revolving line of credit.  See id., Exhibit 2.  The interest rate was changed to a variable rate of 1.500 % above JP Morgan Chase Bank floating daily and beginning at 8.00% and there was a balloon payment due at maturity on September 15, 2008.

When Duck Creek did not pay the balance owed on Loan Number 119312 by the due date of September 15, 2008, BOJH and Duck Creek executed a Change in Terms Agreement dated October 20, 2008, by which the due date of Loan Number 119312 was extended to December 15, 2008.  See id., Exhibit 3.  Thus, the full unpaid balance owed in principal and interest became due and payable on or before December 15, 2008, with

the principal balance owed as of October 20, 2008, being $350,000.00.

When Duck Creek did not pay the balance owed on Loan Number 119312 by the new extended due date of December 15, 2008, Duck Creek executed a promissory note by which the due date of Loan Number 119312 was extended.  See id., Exhibit 4.  The promissory note was dated December 15, 2008, made payable to BOJH in the principal amount of $350,000.00, together with interest thereon from December 15, 2008, until paid in full at the rate of 8.00% per annum calculated on a 365/360 basis, and on which the full unpaid balance owed in principal and interest was due and payable on or before June 15, 2009.

When Duck Creek did not pay the balance owed on Loan Number 119312 by the new extended due date of June 15, 2009, Duck Creek executed a promissory note by which the due date of Loan Number 119312 was extended.   See id., Exhibit 5.   The promissory note was dated July 24, 2009, made payable to BOJH in the principal amount of $350,000.00, together with interest thereon from July 24, 2009, until paid in full at the rate of 8.00% per annum calculated on a 365/360 basis, and on which the full unpaid balance owed in principal and interest was due and payable on or before January 15, 2010.


When Duck Creek did not pay the balance owed on Loan Number 119312 by the new extended due date of January 15, 2010, Duck Creek executed a promissory note by which the maturity or due date of Loan Number 119312 was extended.  See id., Exhibit 6. The promissory note was dated January 25, 2010, made payable to BOJH in the principal amount of $350,000.00, together with interest thereon from January 25, 2010, until paid in full at the rate of 6.50% per annum calculated on a 365/360 basis, and on which the full

Page 4 of  23

unpaid balance owed in principal and interest was due and payable on or before July 15, 2010.

When Duck Creek did not pay the balance owed on Loan Number 119312 by the new extended due date of July 15, 2010, Duck Creek executed a promissory note by which the due date of Loan Number 119312 was extended.  See id., Exhibit 7.  The promissory note was dated August 15, 2010, made payable to BOJH in the principal amount of $350,000.00, together with interest thereon from August 15, 2010, until paid in full at the rate of 6.50% per annum calculated on a 365/360 basis, and on which the full unpaid balance owed in principal and interest was due and payable on or before October 15, 2010.

When Duck Creek did not pay the balance owed on Loan Number 119312 by the new extended due date of October 15, 2010, Duck Creek executed a promissory note by which the maturity or due date of Loan Number 119312 was extended.  See id., Exhibit 8. The promissory note was dated October 15, 2010, made payable to the order of BOJH  in the principal amount of $350,000.00, together with interest thereon from October 15, 2010, until paid in full at the rate of 6.50% per annum calculated on a 365/360 basis, and on which the full unpaid balance owed in principal and interest was due and payable on or before October 15, 2011.  Duck Creek did not pay the balance owed on Loan Number 119312 by the new extended due date of October 15, 2011.

**Loan Number 124328**

The promissory note dated February 23, 2009, executed by the Robinsons evidences Loan Number 124328 and is made payable to BOJH in the original principal amount of $130,000.00, together with interest.  See id., Exhibit 9.  The full unpaid balance owed in principal and interest was due and payable on or before June 15, 2009.

When the Robinsons did not pay the balance owed on Loan Number 124328 by the due date of June 15, 2009, they executed a promissory note by which the due date of Loan Number 124328 was extended.  See id., Exhibit 10.  The promissory note was dated July 24, 2009, made payable to BOJH in the principal amount of $130,000.00, together with interest thereon from July 24, 2009, until paid in full at the rate of 7.00% per annum calculated on a 365/360 basis.  The full unpaid balance owed in principal and interest was due and payable on or before January 15, 2010.

When the Robinsons did not pay the balance owed on Loan Number 124328 by the new extended due date of January 15, 2010, they executed a promissory note by which the due date of Loan Number 124328 was extended.  See id., Exhibit 11.  The promissory note was dated January 25, 2010, made payable to BOJH in the principal amount of $250,000.00, together with interest thereon from January 25, 2010, until paid in full at the rate of 6.50% per annum calculated on a 365/360 basis.  The full unpaid balance owed in principal and interest was due and payable on or before July 15, 2010.

When the Robinsons did not pay the balance owed on Loan Number 124328 by the new extended due date of July 15, 2010, they executed a promissory note by which the maturity or due date of Loan Number 124328 was extended.  See id., Exhibit 12.  The promissory note was dated August 15, 2010, made payable to BOJH in the principal amount of $250,000.00, together with interest thereon from August 15, 2010, until paid in full at the rate of 6.50% per annum calculated on a 365/360 basis.  The full unpaid balance owed in principal and interest was due and payable on or before October 15, 2010.

When the Robinsons did not pay the balance owed on Loan Number 124328 by the new extended due date of October 15, 2010, they executed a promissory note by which the

maturity or due date of Loan Number 124328 was extended.  See id., Exhibit 13.  The promissory note was dated October 15, 2010, made payable to BOJH in the principal amount of $249,842.89, together with interest thereon from October 15, 2010, until paid in full at the rate of 6.50% per annum calculated on a 365/360 basis.  The full unpaid balance owed in principal and interest was due and payable on or before October 15, 2011.  The Robinsons did not pay the balance owed on Loan Number 124328 by the new extended due date of October 15, 2011.

**Loan Number 128560/Loan (A)**

BOJH and the Robinsons agreed that BOJH would make two loans:  (1) "Loan (A)" was agreed to be in the amount of $594,525.79, which was the combined unpaid principal balances owed on Loan 119312 ($350,000) and Loan 124328 ($244,525.79); and (2) "Loan (B)" was agreed to be in the amount of $26,478.46 for the interest that had accrued on Loan 119312 from September 15, 2010, to November 8, 2011.  See id., Exhibit 14.  Simply put, Loan Number 128560/Loan (A) in the original principal amount of $594,525.79 was made to consolidate and renew the principal balances owed on Loan Number 119312 and Loan Number 124328.

BOJH further provided that Loan (A) was secured by the existing first mortgage on oil and has interests in Louisiana, the existing assignment of oil and gas revenues, and the assignment of the interest reserve account No. xx2228.[2]  The promissory note dated November 8, 2011, executed by the Robinsons, for Loan 128560 made payable to BOJH in the original principal amount of $594,525.79, together with interest thereon from

---

[2]Account No. xx2228 and Account No. xxx-222-8 are used interchangeably.

November 8, 2011, until paid in full at the rate of 6.00% per annum calculated on a 365/360

basis.  See id., Exhibit 15.  The full unpaid balance owed in principal and interest was due

and payable on or before February 3, 2012.   The promissory note described the

indebtedness of the Robinsons that was refinanced as follows:

> **PRIOR NOTE.**  This Note is a continuation of that Promissory Note 124328 to Lewis S. Robinson III and Linda T. Robinson dated February 23, 2009, in the original principal amount of $130,000.00 with a maturity date of June 15, 2009 which Note was replaced on July 24, 2009, which Note was replaced on January 25, 2010 with a new principal balance of $250,000.00, which Note was replaced on August 15, 2010, which Note was replaced on October 15, 2010.
>
> This Note is also a continuation of that Promissory Note 119312 to Duck Creek Montana, LLC (secured with collateral granted by Lewis S. Robinson III and Linda T. Robinson) dated March 14, 2007, in the original principal amount of $250,000.00 with a maturity date of September 15, 2008 which Note was modified on January 28, 2008, which Note was extended on October 20, 2008 advancing additional funds for a new principal balance of $350,000.00, which Note was replaced on December 15, 2008, which Note was replaced July 24, 2009, which Note was replaced January 25, 2010, which Note was replaced August 15, 2010, which Note was replaced October 15, 2010.

Id.

When the Robinsons did not pay the balance owed on Loan Number 128560 by the

due date of February 3, 2012, BOJH and the Robinsons executed a Change in Terms

Agreement by which the due date of Loan 128560 and on the Note dated November 8,

2011 was extended to February 23, 2013.  See id., Exhibits 15 & 16.  The Change in Terms

Agreement stated that the principal balance owed as of February 23, 2012, was

$592,162.76.  BOJH and the Robinsons also executed a Commitment Letter for One-Year

Extension dated March 22, 2012, by which the due date of Loan Number 128560 was

extended to February 23, 2013, with monthly principal and interest payments based on a

20-year amortization.  See id., Exhibit 17.

When the Robinsons did not pay the balance owed on Loan Number 128560 by the new extended due date of February 23, 2013, BOJH and the Robinsons executed a Commitment Letter for Six-Month Extension dated March 08, 2013, by which the due date of Loan Number 128560 was extended to September 23, 2013.  See id., Exhibit 18.  BOJH and the Robinsons also executed a Change in Terms Agreement dated March 8, 2013, further evidencing the extension of the due date of Loan 128560, such that the full unpaid balance owed in principal and interest became due and payable on or before September 23, 2013.  See id., Exhibit 19.  The principal balance owed as of March 8, 2013, was stated to be $581,268.20.

When the Robinsons did not pay the balance owed on Loan Number 128560 by the new extended due date of September 23, 2013, BOJH and the Robinsons executed a Commitment Letter for Six-Month Extension dated October 15, 2013, by which the maturity or due date of Loan Number 128560 was extended to April 15, 2014 (typed in clerical error as April 15, 2013).  See id., Exhibit 20.  BOJH and the Robinsons also executed a Change in Terms Agreement dated October 15, 2013, further evidencing the extension of the maturity or due date of Loan 128560, such that the full unpaid balance owed in principal and interest became due and payable on or before April 15, 2014.  See id., Exhibit 21.  The principal balance owed as of October 15, 2013, was stated to be $575,603.45.  Under the terms of the Change in Terms Agreement dated October 15, 2013, the full unpaid balance owed in principal and interest on the Loan became due and payable on April 15, 2014.  See id.  Loan 128560 and the promissory note dated November 8, 2011 have not been paid in full and has become past due, owing and in default.  See id., Exhibit 15.

**Loan Number 128568/Loan (B)**

The promissory note dated November 8, 2011, executed by the Robinsons is made payable to BOJH in the original principal amount of $26,478.46, together with interest thereon from November 8, 2011, until paid in full at the rate of 6.00% per annum calculated on a 365/360 basis.  See id., Exhibit 22.  The full unpaid balance owed in principal and interest was due and payable on or before February 3, 2012.

When the Robinsons did not pay the balance owed on Loan Number 128568 by the due date of February 3, 2012, BOJH and the Robinsons executed a Change in Terms Agreement dated February 23, 2012, by which the due date of Loan Number 128568 was extended to February 23, 2013.  See id., Exhibit 23.  The Change in Terms Agreement stated that the principal balance owed as of February 23, 2012, was $26,478.46.  See id.

When the Robinsons did not pay the balance owed on Loan Number 128568 by the extended due date of February 23, 2013, BOJH and the Robinsons executed the Change in Terms Agreement, Commitment Letter for Six-Month Extension dated March 08, 2013, by which the due date of Loan Number 128568 was extended to September 23, 2013.  See id., Exhibit 24.  BOJH and the Robinsons also executed a Change in Terms Agreement dated March 08, 2013, further evidencing the extension of the maturity or due date of Loan Number 128568 and on the Note dated November 8, 2011 to September 23, 2013.  See id., Exhibits 22 & 25.  The Change in Terms Agreement stated that the principal balance owed as of March 8, 2013, was $26,478.46.  Loan Number 128568 and the promissory note dated November 8, 2011 have not been paid in full and have become past due, owing and in default.  See id., Exhibit 22.

**The Security for the Loans**

The Mortgages

The obligations of the Robinsons are secured under two documents:

Act of Mortgage and Security Agreement executed by the defendants effective February 23, 2009, and recorded in the mortgage records of Bossier Parish, Louisiana, on March 11, 2009, under Instrument Number 958922, in Mortgage Book 1873, at page 366; and

Act of Mortgage and Security Agreement executed by the defendants effective February 23, 2009, and recorded in the mortgage records of Claiborne Parish, Louisiana, on March 16, 2009, under Instrument Number 433873, in Mortgage Book 590, page 112.

Id., Exhibits 26 & 27.  These two documents may sometimes be collectively referred to as the "Mortgage." By the Mortgage, all Defendants encumbered the "Leases/Lands" described in Exhibit "A" to the Mortgage, granted security interests in the improvements and movable property on the "Leases/Lands," and assigned all of the minerals produced from the "Leases/Lands" to BOJH.  The aforesaid property is referred to herein as the "Louisiana Mineral Properties."

The Mortgage reads that it is "being executed and delivered pursuant to that certain Business Loan Agreement by and between Mortgagee, as Lender, and LEWIS S. ROBINSON, III and LINDA T. ROBINSON, as Borrowers ("Borrower"), dated February 23, 2009 (as amended, restated, or supplemented from time to time, the "Loan Agreement")." Id., Exhibits 26 & 27.  The "Loan Agreement" was defined in the Mortgage with reference to the entirety of the parties' agreement, including all of the $2,030,000 in loans made to the Robinsons, including Loan Number 119312 and Loan Number 124328, which were later consolidated as Loan Number 128560.  See id., Exhibits 14, 26-28.  Pursuant to Articles 2 and 8 of the Mortgage, the "Indebtedness" secured by the Mortgage is broad and all indebtedness for which any Borrower or Mortgagor is responsible under the Loan

Agreement or the Loan Documents, including future indebtedness.  See id., Exhibits 26 &

27.

Commercial Security Agreement

The obligations of the Robinsons are secured under the following documents:

Commercial Security Agreement dated February 23, 2009, executed by all
Defendants;

Form UCC-1 UCC Financing Statement filed on March 19, 2009, under
Instrument No. 1410809;

Form UCC-3 Uniform Commercial Code Amendment filed on March 19,
2014, under Instrument No. 1414782;

Form UCC-1 UCC Financing Statement filed on March 20, 2009, under
Instrument No. 09-1111372; and

A full, true and correct copy of the Form UCC-3 Uniform Commercial Code
Amendment filed on March 20, 2014, under Instrument No. 09-1231616.

Id., Exhibits 29-33.  Under the Commercial Security Agreement, all Defendants granted

BOJH a continuing security interest in all "as-extracted" collateral and "wellhead equipment"

pertaining to the mineral leases described in "Exhibit A" to the Commercial Security

Agreement.  Id., Exhibit 29.  As with the Mortgage, the Commercial Security Agreement's

definitions broadly define the secured "Indebtedness" to "all promissory notes" as "Related

Documents."

Commercial Pledge Agreements

The obligations of the Robinsons are secured under the following documents:

Commercial Pledge Agreement dated January 25, 2010, signed by
Defendants Lewis S. Robinson, III and Linda T. Robinson, granting the BOJH
a security interest in and assigning to the bank all oil and gas royalty
payments from wells located on those defendants' property in Bossier and
Claiborne Parishes, Louisiana; and

Commercial Pledge Agreement dated October 15, 2010, signed by Defendants Lewis S. Robinson, III, and Linda T. Robinson, granting BOJH a security interest in and assigning to the bank all oil and gas royalty payments of the interest of those defendants from wells located in the Elm Grove and Homer Fields, Bossier and Claiborne Parishes, Louisiana.

Id., Exhibits 34 & 35.  As with the Mortgage and the Commercial Security Agreement, all of the remaining obligations under the loans described in the complaint are secured under the aforementioned commercial pledge agreements.

Assignment of Deposit or Share Account

The obligations of the Robinsons are secured under the following documents:

Assignment of deposit or share account dated March 14, 2007, executed by Defendants Lewis S. Robinson, III, and Linda T. Robinson affecting and encumbering BOJH Account No. xxx-222-8 as security for Note 119312 and all extensions, renewals, modifications and substitution thereof or therefor;

Automatic Transfer Authorization executed by Defendants Lewis S. Robinson, III, and Linda T. Robinson authorizing periodic transfers from BOJH Account No. xxx-222-8; and

The Assignment of Deposit Account dated November 8, 2011, signed by Defendants Lewis S. Robinson, III, and Linda T. Robinson, and assigning BOJH Demand Deposit Account Number xx2228 to BOJH as security for the "Indebtedness," as defined therein indebtedness evidenced by (a) the "Note," defined therein as the note executed by Defendants Lewis S. Robinson, III, and Linda T. Robinson in the principal amount of $594,525.79 dated November 8, 2011, i.e., Note No. 128560; and (b) the "Related Documents," defined therein as "all promissory notes, credit agreements, loan agreements . . . guarantees, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness."

Id., Exhibits 37-39.  Under the terms of the Assignment of deposit or share account dated March 14, 2007, Loan 119312, and all extensions, renewals, modifications and substitution thereof or therefor, was secured by the Robinsons' rights in BOJH Account No. xxx-222-8.

See id., Exhibit 37.  As set forth in the BOJH Commitment and the promissory note, Loan

Page 13 of  23

128560 was a continuation of Promissory Note 119312, and is secured by the Assignment of BOJH Demand Deposit Account Number xx2228.  See id., Exhibits 14, 15 & 39.  Further, under the terms of the Assignment of Deposit Account dated November 8, 2011, all of the Loans described in the complaint are secured by the Assignment of Deposit Account dated November 8, 2011.  See id., Exhibit 39.

Life Insurance Policies

The obligations of the Robinsons are secured under the following documents:

Assignment of Life Insurance Policy as Collateral, executed by defendant, Lewis S. Robinson, III, assigning and encumbering Western Farm Bureau Life Insurance Company policy number 01142309 as security for any and all obligations of the defendant to BOJH, whether then existing or thereafter arising;

Assignment of Life Insurance Policy as Collateral, executed by defendant, Lewis S. Robinson, III, assigning and encumbering Western Farm Bureau Life Insurance Company policy number 01178274 as security for any and all obligations of the defendant to BOJH, whether then existing or thereafter arising; and

Assignment of Life Insurance Policy as Collateral, executed by Defendants Lewis S. Robinson, III, and Linda T. Robinson pledging, collaterally assigning, transferring, delivering and setting over unto BOJH Western Farm Bureau Life Insurance Company policy number 040-01178274 as security for any and all obligations of the defendants to BOJH, whether then existing or thereafter arising, together with interest, costs, expenses, reasonable attorneys' fees and other fees and charges.

Id., Exhibits 40-42.  Under the terms of the assignments of life insurance policies signed by the Robinsons, all of the Loans described in the complaint are secured by the aforementioned assignments of life insurance policies.

**The Default and the Balances Owed on the Loans**

Loan Number 128560 and Loan Number 128568 are both due under the terms of

the most recently executed loan documents. The balances owed on the loans have not

been paid.  The balances owed on the Loans are as follows, subject to the credits on Loan

Number 128560:

> Loan Number 128560 has a remaining principal balance due of $572,454.23, together with unpaid interest accrued through October 9, 2014, in the amount of $18,237.76, interest accruing thereafter at the rate of 6.00% per annum calculated on a 365/360 basis until paid in full, together with all attorney's fees, cost of collection, and other costs incurred by Plaintiff in the collection of the loan including, but not limited to all costs of court and all costs of the United States Marshal's services herein; and

> Loan Number 128568 has a remaining principal balance due of $26,478.46 together with unpaid interest accrued through October 9, 2014, of $4,704.32, and with interest accruing thereafter at the rate of 6.00% per annum calculated on a 365/360 basis until paid in full, together with all attorney's fees, cost of collection, and other costs incurred by Plaintiff in the collection of the loan including, but not limited to all costs of court.

> The amounts owed on Loan Number 128560 are subject to the following credits on

the following dates:

> 10/06/2014 $3,485.92
> 11/10/2014 $3,389.66
> 12/01/2014 $3,086.02
> 01/05/2015 $2,775.94
> 02/06/2015 $2,201.90
> 03/05/2015 $1,646.74
> 04/06/2015 $1,542.34
> 05/06/2015 $1,631.93
> 06/11/2015 $1,789.49
> 07/06/2015 $1,949.70
> 08/04/2015 $1,843.40
> 09/08/2015 $1,761.34
> 10/05/2015 $1,357.82
> 11/03/2015 $1,368.82
> 12/04/2015 $1,473.70
> 01/05/2016 $1,391.96
> 02/04/2016 $1,318.85
> 03/07/2016 $1,101.32
> 04/05/2016 $975.01
> 05/03/2016 $1,115.25

06/03/2016 $1,227.17
07/26/2016 $1,474.76
08/05/2016 $1,341.06.

The credits are the amounts received from the oil and gas collateral and applied to Loan

Number 128560.

## LAW AND ANALYSIS

### I.    Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil

Procedure when "there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv.

Corp., 628 F.3d 725, 728 (5th Cir.2010).  "Rule 56[(a)] mandates the entry of summary

judgment, after adequate time for discovery and upon motion, against a party who fails to

make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394

F.3d 311, 315 (5th Cir.2004).

"A party seeking summary judgment always bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions of the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, which it believes demonstrate the absence of a genuine issue of material

fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).

If the moving party fails to meet this initial burden, the motion must be denied, regardless

of the nonmovant's response.  See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th

Cir.1995).

If the movant demonstrates the absence of a genuine dispute of material fact, "the

nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial."  Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004).  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).  Where the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff.  See Scott v. Harris, 550 U.S. 372, 378, 127 S.Ct. 1769 (2007).  In sum, the motion for summary judgment "should be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553.

## II.    Analysis.

In opposing the motion, Defendant Lewis S. Robinson, III submitted a declaration "together with exhibits attached thereto," a stamped copy of Wyoming District Court Complaint, and five  "reply arguments."  Record Document 92.  His arguments can be summarized as follows:   (1) BOJH's summary judgment evidence is not competent and should not be considered by the Court; (2) there has been no discovery conducted; (3) neither he nor his wife "ever signed mortgages on the oil and gas properties," and "none of [their] children ever signed any of the notes at issue;" (4) the commercial security agreement and the pledge agreements were only for oil and gas royalty payments; and (5) BOJH extracted the cash value from the life insurance policies, and such policies are no longer in force.  Id. at 1-2.

Defendant Lewis S. Robinson, III did not explain the significance of the Wyoming

District Court Complaint, which BOJH notes has been dismissed without prejudice.  See Record Document 93 at 15.  Likewise, while he attached his August 2014 declaration to his opposition, Defendant Lewis S. Robinson, III has not directed this Court to any specific portion of the declaration which he deems relevant to the determination of the pending motion for summary judgment.  Thus, this Court holds that neither the Wyoming District Court Complaint nor the August 2014 declaration are proper summary judgment evidence.  See Jackson v. Cal-W. Packaging Corp., 602 F.3d 374, 378-380 (5th Cir. 2010) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."); Smith ex rel. Estate of Smith v. U.S., 391 F.3d 621, 625 (5th Cir. 2004) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.").

**BOJH's Claim for Relief for Money Judgment**

BOJH argues there exists no genuine issue of material fact as to whether the Robinsons executed the promissory notes evidencing Loan Number 128560 and Loan Number 128568.  BOJH notes that Defendants admitted in their answer that these promissory notes "are the best evidence of their own contents."  Record Document 50.  Thus, based on the face of the loan documents and the undisputed facts in the summary judgment record, BOJH asserts that the Robinsons failed to pay the full amount of principal and accrued interest due and owing on the promissory notes and that it is the undisputed holder and person entitled to enforce the notes.

This Court holds that summary judgment in favor of BOJH on its claim for relief for a money judgment against the Robinsons is appropriate.  The promissory notes evidencing

Loan Number 128560 and Loan Number 128568 and all of the loan documents as a whole are unambiguous and must be enforced as written.   It is also undisputed that the Robinsons failed to make the required payments due under the promissory notes evidencing Loan Number 128560 and Loan Number 128568.

The only opposition offered by Defendant Lewis S. Robinson, III is that BOJH's summary judgment evidence is not competent and there has been no discovery conducted. Here, BOJH's motion is supported by the declaration of James E. Ryan ("Ryan"), President of BOJH.  See Record Document 86-2.  In his declaration, Ryan attests that he is the president of BOJH, and that he has reviewed the loan documents attached to his declaration as exhibits.  See id. at ¶¶ 1-2. Ryan also attests that he is familiar with the exhibits and the bank's business records concerning same.  See id. at ¶ 3.  He attests that the bank's records were made at or near the time of the acts, events, conditions, state of facts, or circumstances reflected therein by a person with direct personal knowledge of same and were and are maintained and kept in the course of the bank's regularly conducted business activities of lending money, and it was and is a regular practice of the bank in the conduct of its business to maintain such records.  See id.  The Court holds that Ryan's declaration satisfies Rule 56(c)(4).[3]  Moreover, to the extent Defendant Lewis S. Robinson, III is attempting to make a hearsay argument, the Court finds that Ryan's

---

[3]Rule 56(c)(4) provides that "an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

declaration meets the requirements of Federal Rule of Evidence 803(6).[4]  Thus, Defendant Lewis S. Robinson, III's argument that BOJH's evidence is not competent is insufficient to defeat summary judgment.

Defendant Lewis S. Robinson, III's statement regarding discovery is puzzling to the Court.   This action has been pending for more than two years, and there has been ample time for discovery.   It is incumbent upon Defendant Lewis S. Robinson, III to conduct discovery and submit evidence, as compared to argument and mere speculation, to contradict Ryan's declaration and the other summary judgment evidence submitted by BOJH.  None of Defendant Lewis S. Robinson, III's arguments are sufficient to demonstrate a genuine dispute as to any material fact, namely that the Robinsons failed to pay the full amounts of principal and accrued interest due and owing on the promissory notes evidencing Loan Number 128560 and Loan Number 128568.   Therefore, summary

---

[4]Rule 803(6) provides that records of a regularly conducted activity are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness, if:

(A)   the record was made at or near the time by--or from information transmitted by--someone with knowledge;

(B)   the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C)   making the record was a regular practice of that activity;

(D)   all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E)   the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

judgment in favor of BOJH is **GRANTED** on its claim for relief for a money judgment against the Robinsons.

**BOJH's Claim for Relief Requesting the Recognition of the Mortgages, Security Agreements, Pledges, Assignments and Encumbrances Securing the Amounts Owed by the Robinsons**

BOJH further argues that summary judgment is likewise appropriate on its second claim for relief requesting the recognition of the mortgages, security agreements, pledges, assignments, and encumbrances securing the amounts owed by the Robinsons.  BOJH maintains there is no dispute that all Defendants signed the mortgages, security agreements, pledges, assignments, and other documents. The Court agrees, as the provisions of these agreements, which have been submitted as summary judgment evidence, unambiguously express the parties' intent to secure all of the Robinsons' indebtedness to BOJH.

In opposing summary judgment as to BOJH's second claim for relief, Defendant Lewis S. Robinson, III maintains (1) that neither he nor his wife "ever signed mortgages on the oil and gas properties," and "none of [their] children ever signed any of the notes at issue;" (2) the commercial security agreement and the pledge agreements were only for oil and gas royalty payments; and (3) BOJH extracted the cash value from the life insurance policies, and such policies are no longer in force.  Record Document 92 at 2. The Court is unconvinced by these arguments.  All Defendants have repeatedly alleged that the written loan documents, transactions, agreements, and communications speak for themselves and are the best evidence of their contents.  <u>See</u> Record Document 50.  Now, at the summary judgment stage, Defendant Lewis S. Robinson, III cannot overcome the

plain language set forth in the mortgages, the security agreements, pledges, assignments and encumbrances with self-serving arguments and bald contentions.  Nothing in the summary judgment record indicates that BOJH is attempting to deviate from the clear language of the documents, which Defendants have already admitted to be the best evidence of their contents.  Thus, the Court finds that the undisputed summary judgment evidence, namely Ryan's declaration and Exhibits 26 and 27, establishes that the Robinsons and the other defendants signed the mortgages.  Likewise, Defendant Lewis S. Robinson, III has not submitted any evidence that the life insurance policies are no longer in force; however, even if the Court were to assume that to be true, BOJH is entitled to summary judgment recognizing that the loans were secured by the assignments of the life insurance policies.  Accordingly, summary judgment in favor of BOJH is **GRANTED** on its claim for relief requesting the recognition of the mortgages, security agreements, pledges, assignments and encumbrances securing the amounts owed by the Robinsons.

## CONCLUSION

Based on the foregoing analysis, the Court finds there are no material facts in dispute.  The Robinsons executed and delivered the promissory notes evidencing Loan Number 128560 and Loan Number 128568 to BOJH.  They failed to pay BOJH as promised under the terms of these contracts, thereby constituting a material breach and a default under these agreements.  BOJH is therefore entitled to summary judgment herein for all unpaid principal, accrued unpaid interest and costs of collection, including court costs, due and owing under the notes and, upon motion under Federal Rule of Civil Procedure Rule 54(d)(2), reasonable attorney's fees.  BOJH is also entitled to summary judgment

recognizing and maintaining its rights under the mortgages, security agreements, pledges, assignments, encumbrances and other documents which secured the payment of the amounts owed.[5]

Accordingly,

**IT IS ORDERED** that BOJH's Motion for Summary Judgment (Record Document 86) be and is hereby **GRANTED**.

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 31st day of October, 2016.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[5]Defendant Lewis S. Robinson, III also filed a Motion for Permission to Add a Trial Witness (Record Document 94).  Such motion is now moot and will be denied as such because this matter has been resolved on summary judgment.